## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LQC Partners XI, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SCG Durant Four Seasons, LLC, et al., <br><br> Defendants. | Case No. 17-CIV-448-RAW |

## ORDER

Before the court is Plaintiff's Motion for Abstention and Remand [Docket No. 43], Defendants' Objection [Docket No. 46], as well as Plaintiff's Reply [Docket No. 50]. This case was originally filed on November 17, 2017 in the District Court in and for Bryan County, State of Oklahoma. The case was removed to this district on December 7, 2017 [Docket No. 2]. The case was transferred to this court on March 15, 2018 [Docket No. 59]. Plaintiff requests the court abstain from conducting further proceedings in this case and to remand the foreclosure lawsuit to the District Court in and for Bryan County, State of Oklahoma.

Plaintiff is a Delaware limited liability company. Six of the Defendants removed the matter to this court: SCG Durant Four Seasons, LLC; SCG Lake County, LLC; SCG Madill Brookside, LLC; SCG Oak Ridge, LLC; SCG Red River Management, LLC; and SCG Red River, LLC ("Removing Defendants"). The Removing Defendants also refer to themselves as "Debtor-Defendants."

1

One ground for remand is that this court lacks subject matter jurisdiction, because diversity of citizenship has not been proven. Under Oklahoma law, 18 O.S. §2001(11), an LLC is an unincorporated association of proprietorship. In determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all of the entity's members. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.,* 781 F.3d 1233, 1237-38 (10th Cir. 2015). Unincorporated entities are subject to the Supreme Court's "oft-repeated rule that diversity jurisdiction in a suit by or against [an unincorporated] entity depends on the citizenship of all [its] members." *Americacold Realty Trust v. ConAgra Foods, Inc.,* 136 S.Ct. 102, 1015 (2016). Additionally, "for purposes of diversity, a limited liability company is a citizen of all states in which its members are citizens." *Tulsa Specialty Hosp., LLC v. Boilermakers Nat'l Health & Welfare Fund,* 2012 WL 2887513, *4 (N.D.Okla. 2012).

The Removing Defendants bear the burden of proving diversity jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). *See also, Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012 (10th Cir. 2013).

The jurisdiction of federal courts is limited. There is a presumption against federal jurisdiction, and the party invoking federal jurisdiction bears the burden of proof. "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Full Life Hospice, Id,* at 1016.

The court must consider the citizenship of each and every one of the members of an LLC. *Siloam Springs Hotel, Id,* at 1235-36. Plaintiff is a Delaware LLC. Forty of the

Defendants are Oklahoma LLC's. The Removing Defendants have not asserted the citizenship of any of the LLC members.

In the instant case, the Removing Defendants have not properly alleged diversity of citizenship for all of the members of the limited liability companies. The court is, therefore, unable to determine the existence of diversity of citizenship. The court does not have subject matter jurisdiction over the matter based upon diversity of citizenship.

Plaintiff's Motion for Abstention and Remand [Docket No. 43] is GRANTED. Pursuant to 28 U.S.C. §1447(c), this action is remanded to the District Court in and for Bryan County, State of Oklahoma.

The following motions are also pending before the court: Motion to Dismiss Case for Failure to State a Claim and for Lack of Jurisdiction [Docket No. 34]; Motion to Transfer Venue to the United States District Court for the Middle District of Florida[1] [Docket No. 44]; and, Motion to Strike Certain Exhibits [Docket No. 49]. These motions are all deemed MOOT.

Dated this 3rd day of July, 2018.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA

---

[1] Debtor Defendants have urged the court to consider their motion to transfer prior to the motion to remand. While a transfer of the matter may be wisest, unfortunately such a result cannot occur because this court lacks jurisdiction.